COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


JADE H. MILLER

v.   Record No. 1167-98-4

A T & T CORPORATION

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 29, 1998


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Matthew H. Swyers; Koonz, McKenney, Johnson,
DePaolis & Lightfoot, on brief), for
appellant.  Appellant submitting on brief.

(Joseph F. Giordano; Semmes, Bowen & Semmes,
on brief), for appellee.  Appellee submitting
on brief.


Jade H. Miller ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission") denying her claim

for payment of certain medical expenses.  Claimant contends that

the commission erred in finding that she failed to prove that her

reflex sympathetic dystrophy ("RSD") and related medical

treatment were causally related to her April 3, 1995 compensable

injury by accident.  Finding no error, we affirm.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained her burden of proof, the commission's findings are

binding and conclusive upon us.  See Tomko v. Michael's

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission made the following findings:

> [T]here is no clear factual relationship between the accident on April 3, 1995 and the claimant's RSD and there is no definitive medical opinion linking them. Rather, Drs. [Daniel R.] Ignacio, [Ellen J.] LaBelle and others, who support the questionable diagnosis of RSD, state only that the claimant has RSD and needs treatment for her chronic pain. None of them opine directly that the claimant's RSD is related to her compensable injury.
>
> On the other hand, Drs. [Albert C.] Casabona, [Ali G.] Ganjei and [Daniel J.] Freedenburg opined that the claimant does not have RSD. . . .
>
> The present record before the Commission is one in which several practitioners who have treated the claimant believe that she has RSD. None of these practitioners have opined that the claimant's RSD is directly attributable to her work injury. The claimant's initial treating physician, as well as physicians to whom Dr. Casabona has referred the claimant, have opined that the claimant's difficulties are not related to RSD or to her work injury of 1995.

The commission's factual findings are amply supported by the medical records. Based upon the lack of any persuasive medical opinion establishing a causal connection between claimant's RSD and her compensable accident, the commission, as fact finder, was entitled to conclude that "the claimant has not established that her RSD is the result of her work injury on April 3, 1995, and that, therefore, treatment at Johns Hopkins University and other pain management centers are not the responsibility of this employer." "Medical evidence is not necessarily conclusive, but

is subject to the commission's consideration and weighing."
Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401
S.E.2d 213, 215 (1991).

Based upon this record, we cannot find as a matter of law
that claimant's evidence sustained her burden of proof.
Accordingly, the commission's findings are binding and conclusive
upon us on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.